UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| YAPHET CASTILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-1245 |
| | ) | |
| BOWER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Pickneyville Correctional

Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983. As a threshold matter, he seeks

leave to proceed *in forma pauperis* (Doc. 3). Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> proceeding under this section if the prisoner has, on 3 or more occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court's review of Plaintiff's previous litigation discloses at most two

cases that count as strikes under this section.[1] *See Castile v. Mail Room et al*, No. 15-3028 (C.D.

Ill.); *Castile v. Hulkman*, No. 21 C 50177, ECF No. 21, 24 (N.D. Ill.). Because Plaintiff has not

accrued three strikes, Plaintiff's petition to proceed in forma pauperis is granted.

---

[1] The district court in a third case stated that its dismissal was for failure to state a claim. *Castile v. Butler*, No. 16-cv-444, ECF No. 6, 8 (S.D. Ill., filed May 4, 2016). The Court's review of that order indicates that the case was dismissed for Plaintiff's failure to include a requested remedy in his complaint as required by Fed. R. Civ. P. 8(a)(3), and for Plaintiff's later failure to follow orders, neither of which are one of the stated reasons requiring a strike under § 1915(g). The Court accordingly finds that the dismissal does not count as a strike. *Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) (the district court applying § 1915(g) must make its own determination regarding whether previous dismissals count as "strikes.").

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff appears to allege that jail officials failed to provide medical treatment for a condition that caused him to urinate blood and caused blood to come out of his mouth and nose. He alleges that his lawyer has paperwork to this effect, and that the Court should contact this person.

Plaintiff may be able to state a Fourteenth Amendment claim for inadequate medical care, but he has not yet provided sufficient information about his condition, the treatment he received, and the roles each defendant played. The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Petition to Proceed in forma pauperis [3] is GRANTED. Clerk is directed to enter the Court's standard text order assessing the initial partial filing fee and ordering prison officials to collect the fee pursuant to 28 U.S.C. § 1915(b).**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 1st day of November, 2024.

*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
